I promise the first case of the fall, 2-09-249, Leland Stainman, JPS Veterans LLC v. Morton Arboretum and the Forest and Forestry District of DuPage County. Excuse me, on behalf of the Appalachians, Mr. Lawrence A. Stein. On behalf of the Appalachian League, Mr. John, excuse me, Jason G. Wintel. Mr. Stein. Thank you, Your Honor. You know, there's some convoluted legal issues in this case. Federal and state law, whether frivolity is the standard or some other standard, whose law applies and whether it's substantive law or procedural law, who should rule on this issue, the trial court or the appellate court? But the case really boils down to one question, before Your Honor. It's the only question I think that I'm going to discuss in my opening argument. But the question is, and of course I'll be available to answer any questions you have. The question in this case is, why didn't the Morton Arboretum ask for its appellate attorney's fees from this court, from the prior panel? That is the issue for you to decide. There are other issues raised in the briefs. The briefs, I think, address the issue and bring them to a head. But I'll leave the appellees to explain, if you have no questions, why they did not seek their appellate fees in this case. What, does it matter why they didn't do it if they didn't have to do it? Well, if that's their answer, that they didn't do it in the appellate court because they didn't have to, that's not a satisfactory answer, in my view, for the following reasons. And to my grief, the prior panel was in the best position to assess the frivolity of the appeal. Well, that might very well be true, but I don't know if they're going to dispute that. But can they go under the federal statutes that allow trial courts to do this? Well, I think the ruling you should espouse in ruling on this case is they cannot, because it's a waste of judicial resources. We have a procedure. But, counsel, those would be sort of policy issues, whether which panel, which court is in the best position to do it and whether it's a better use of judicial resources to stay with the appellate panel. But if the law allows something, we can't turn the law on its head on the basis that we disagree with the policies behind it. So the point is, are they allowed to do it despite it might not be very efficient? The answer to that question is clearly no, or at least the question is open for you to decide. There are cases that have allowed it, but they're all distinguishable. There's no case squarely on point where a plaintiff under a civil rights action who did not prevail or a defendant that did prevail gets appellate attorney's fees from the trial court without some action or instruction or remand by the reviewing court. So it doesn't, it's not relevant to you whether the fee petition was filed prior to the mandate or not? Well, I mean, that's a different issue that I raised in the briefing, and I'll address that for a moment. It's a little convoluted, and the appellees pointed that out in the brief, so I'll take a moment to discuss that. There were basically two fee petitions filed in this case, qualitatively different fee petitions. The first one was filed, didn't seek a specific amount. The trial court still had jurisdiction. No notice of appeal had been filed. And the trial court concededly expressly reserved jurisdiction over that initial fee petition. But while the case was in this court or the Supreme Court, the appellees got leave to file a supplemental brief in support of their fee petition. In the trial court? In the trial court. When the trial court lacked jurisdiction to allow that because a notice of appeal had been filed and a comprehensive appeal was in the process of winding its way through this court and the Supreme Court, ultimately what happened was this fee petition filed before the notice of appeal morphed itself into, or the appellees changed it into a fee petition that only sought appellate fees. The first entry on the fee petition that was ultimately granted in this case is for receiving and reviewing and analyzing Stalen's notice of appeal in the trial court, the first notice of appeal. And so what we have here is basically a fee petition solely seeking appellate fees filed in the trial court during a time between the filing of the notice of appeal and the filing of the mandate in the trial court. Isn't the case law clear, though, that fee petitions are collateral matters that can proceed separately apart from the appeal? There is some case law to that effect. But there's no case law squirreling on point on this point when it's the defendant who prevails in a 1983 action and the standard is thus completely different. The standard on this case, of course, is frivolity. I mean, everybody agrees on that. And so it would be... Well, the standard is frivolity in both the Supreme Court rule and in 1988, correct? Well, no, because in 1988 or 1983, if the plaintiff prevails, the plaintiff doesn't have to prove that the defense was frivolous. They just get their fees as a matter of course. Right. So this is different. This is more like an attorney's fee petition under Rule 137 and, therefore, is not collateral and the trial court really shouldn't have and couldn't have kept jurisdiction. So the trial court couldn't have kept jurisdiction while the fee... I mean, there's a fee petition pending. The defense won. They filed their fee petition. It's pending. How did this court have initial jurisdiction over the case if it's not collateral? The first is. Yeah, that's an interesting question. I don't know the answer to that question. I didn't handle that appeal, and that was not addressed in the prior appeal. It may be in hindsight that you will decide or think that you didn't have jurisdiction in the original appeal, but that was not addressed before, and I don't know the answer to that question. It's not really. I guess it's before you in a technical sense, but it wasn't raised in the briefs. If it's not collateral, then why would you feel the need to file, after the most of the appeal was filed, why would you feel the need to file a motion to stay the fee petition proceedings if it's not collateral? I wasn't counseling. I do not know why. I don't know whether I would have done that or not, but our position on this appeal now is that that fee petition was not. You would agree that those are inconsistent positions, though, correct? Filing the motion to stay what would, in essence, would theoretically be a collateral proceeding, which makes sense, filing a motion to stay a collateral proceeding. Let's see what the appellate court says. From what you're saying now, which is it's not collateral, so really there's no need for a motion to stay, and we wouldn't have even had jurisdiction over the first case because there was still an issue pending in the trial. You know, what I would say is I don't know whether it was inconsistent or not. It may have been just a common sense good practice to address that petition that was there. But other than that, I really don't have an answer. I don't know that it's inconsistent, but I understand what you're saying. But when you talked in your initial point about a waste of judicial resources, when we're talking about the fee petitions, I mean, when we're talking, if in fact this was a collateral proceeding, wouldn't it make sense then to just not seek the fees in the appellate court and not do a piecemeal from the other side's perspective? When we're talking about there's a fee petition already pending, let's assume for a minute it's a collateral proceeding, let's wait until the appeal's over, and then we'll just put on one fee petition hearing as it relates to the appeal. You know, what happens after the appeal. Apparently there was appeal at a Supreme Court. There were all kinds of things. You know, and just put it all together into one hearing on fees, and wouldn't that be a better use of judicial resources, or at least arguably? No. In this case, they didn't seek all of their fees. The appellee only sought appellate fees in the end. And so there was nothing that the trial court ruled upon was the trial court ruling upon something that happened before the trial court. Every red nickel of this fee award was for appellate proceedings or after remand defending the motion for reconsideration. But at the end of the day, the arboretum dropped its claim for fees from the timescale and filed its complaint in the trial court until the moment before he filed his notice of appeal. And so there's no benefit in this case to having Judge Wheaton address all issues because she had no personal knowledge of any of the things that happened after the notice of appeal and until, you know, it was remanded or affirmed. It was really just affirmed. It wasn't remanded. That's another issue that I addressed in the briefs. But if you have any questions about that, I'd be happy to answer them. But I do not think that it was a good use of judicial resources for that very reason. Did they drop their claim for fees in the trial court? Did they completely drop that? Or was that because my recollection of the court's ruling was that I'm going to give you the benefit of the doubt as it relates to the trial proceedings. But after the motion, the 619 motion was granted, then it became clear to Stalin that they should not proceed any further. So I'm going to grant the fees after that. I thought that's what the trial court's ruling was, that the trial court actually denied fees that were being sought for the earlier proceeding. Is that correct? It's not entirely correct. I know it's actually interesting, and Judge Wheaton did, in fact, say that she was going to give the statement of benefit of the doubt for filing the initial complaint. And I think at the time she said that, the arboretum had not yet itemized its fees. So clearly they went back after hearing Judge Wheaton say that when they put their itemization together. This is based on my recollection. I'll check the record while the appellee is speaking. But I think the appellee itemized its fees and expenses, starting with the notice of appeal, based on and after Judge Wheaton said that. So I don't know that they – I don't know that Judge Wheaton ever effectively or really denied the fees before. She said she was probably inclined to do so. And if she had been presented, I imagine she would have denied those fees. But when given the opportunity, based on my recollection of the record, when given the opportunity to itemize the fees and expenses, the arboretum started with Stalin's first notice of appeal. The argument that they had to go under 375 up here, was that something you made to the trial court, though? Yes, I did. I did it. I was hired in the middle of the trial court proceedings after this court affirmed and after the initial award of, I think, $56,000 or $67,000 was made. The Rule 375 argument was not made at that point prior to the time the court made its ruling, the initial ruling on fees. I raised it in the motion for reconsideration, which was denied. But then – and here's the important point – the arboretum then sought more fees, fees to defend the motion for reconsideration. And when they sought more fees, that gave Stalin the opportunity to object to those fees. And we objected to them in a timely fashion. And one of our arguments in opposition to those additional fees was Rule 375. And so it is – it has been preserved, as we explained in our brief. This is an important – I think the main argument is that this is an important issue. I would think that this court would have some interest in deciding whether Rule 375 requires requests for appellate fees to be brought to this court. And so we're giving you the opportunity to make that ruling, even though we first brought it up in our motion for reconsideration. Kind of a reverse preemption argument. You're saying that the Illinois Supreme Court didn't preempt the federal law under 1988. Well, I wouldn't call it reverse preemption. What I would call it is are the Illinois courts govern the procedure in the Illinois courts? And federal courts have said the same thing on different issues. Some cases go the other way. But the courts of Illinois, especially the reviewing courts of Illinois, should be the ones to decide what the procedure is, even in cases arising under federal law. And if you, as I hope, think it's important that the panel, the original panel, be presented with claims of frivolous appeals, then it's really just applying Illinois procedural law to claims arising under federal law that can be brought in state courts. That's how I'd characterize it. Okay. Thanks, Counsel. Thank you, Justice. Good morning. Good morning. Your Honors, I think my time may be best spent at least initially responding to a couple of the issues that came up during Mr. Stein's argument. And in particular, Justice Berg, the question you were focusing on is did we in fact somehow drop a claim for fees for the trial proceedings? We did not ever do that. The way that this works, as it works any time I've ever dealt with fees, is we first brief the issue, are we entitled under Section 1988 to a fee award? And once the court decides yes or no, and from what point forward, then we go forward and submit the actual documentation of hours, rates, and dollars. And that's what we did here. We filed back in October of 2007. No, actually it was 2006. We initially filed a motion after Judge Wheaton granted a motion to dismiss. We said we're a prevailing party. There's a fee-shifting statute here under Section 1988. We'd like the court to say we're entitled to an award because Mr. Stalin's claims were frivolous and we should be allowed to fee shift. He then filed the first appeal that came to this court and asked Judge Wheaton to stay the fee proceedings, which we agreed to. We talked to the court about it. We said it makes sense. If he wins, then you don't need to take this up. And we said if he loses, we're going to add the appellate proceedings to our request as well, and that's what we did. When this court unanimously affirmed the dismissal order, we went back to Judge Wheaton. We said there's case law under Section 1988 that says a 1988 award entered by the trial court can include fees related to an appeal. We'd like to supplement the briefing to advise the court of those cases, and we did. This then happened again when Mr. Stalin did a petition to the Illinois Supreme Court. He said, let's stay this. Everybody understands. You're going to do it again. And that's what we did. It goes up to the Illinois Supreme Court. They reject the appeal. It comes back down. We did another round of supplemental briefing to Judge Wheaton to say we should be entitled to all of it. And Judge Wheaton then made her initial ruling in, I believe, June of 2008, where she said under Section 1988, I do find this case to be frivolous, but I'm going to give Mr. Stalin the benefit of the doubt from the time of his filing. But at least as of the point that the motion to dismiss briefing was completed, it was so clear that your case was frivolous that to continue forward is absolutely frivolous, and I'm going to allow the fee shifting from that point forward. So that's the reason why Mr. Stalin says we only ever documented our fees in the petition from the time the motion to dismiss briefing closed, because that's the only thing Judge Wheaton said we were entitled to. We certainly believe she would have been well within her rights and legally correct to give us fees back to the day one of this case, but she didn't. And the question before the court is, was it an abuse of her discretion to rule in that way? And it's a strange position, I think, for Mr. Stalin to take to say that because she didn't award fees for the whole case against me, that somehow it was an abuse of discretion to only award it for a certain portion. Well, you can see it as the trial court saying, you know, up until the time I ruled, there was maybe a question, but my ruling is really so good that, you know, any appeal is frivolous. I think a lot of trial courts might want to follow that rule, or at least think that. I mean, that's the argument. The argument is, is it somehow legally inconsistent to say that it's not frivolous to bring it, but that it's frivolous once you lose to pursue your rights to appeal? I see the question, Judge, and it's wrapped up a little bit in a trial court's biased question, and does a trial court somehow have a little bit of a thumb on the scale if they're annoyed that you've appealed their ruling? And I'd say, first of all, that the case law is uniform on this. They really have not come forward with a single case that would suggest that under Section 1988, a trial court cannot award fee shifting related to appellate fees. This is done uniformly, and we've cited all the cases in our brief at pages 21 to 22. The Supreme Court, in fact, has said, when you're talking about fee shifting, treat the case as a unanimous whole. Do all proceedings at one time for the judicial resource question that Your Honor was raising during the appeal there. Hold on. Sure. Keep your train of thought. I want you to continue where you were going, but does that mean that we would not have jurisdiction under 375 to? No. I regard them as two paths, Your Honor. Rule 375 clearly provides what it provides. It's discretionary. It says, if certain conditions are met, we could have moved before this court to say, we think these conditions are met under Rule 75, please award us the amounts concerning the appeal, and the court would have had discretion to do that. The question is, is that the only route? My question is answered. I just wonder if you think you could have gone to us directly or to the trial court. Either way, absolutely. Okay, good. And we had already, by the time we came to this court, remember, we had already filed a petition before Judge Wheaton. That was already on file. Not the petition with the actual documentation, but the motion for an award of fees. And we'd already talked to her about the fact that if this goes forward through appeal, depending on resolution, we're going to add it in, because we really do regard these as two separate paths. Section 1988 is a fee shifting statute that, by its express terms, is not restricted to just a fee shift in the trial court. And we have case after case where trial courts are awarding fees based not only on trial proceedings, but also on later proceedings. Also, getting back to the point we were talking about a minute ago, there's a body of case law here that talks about this question of fees from the inception versus fees from some later point. And the case law talks about viewing this as two stages, the frivolousness inquiry. It gets viewed, obviously, at the time the case gets filed, but it can also be viewed, according to the cases we've set forth in our brief, I think they're on pages 9 to 10, at a later stage. And the courts say, if there's a later stage in the case where it's clear that the proceeding is frivolous and that going forward is at your own peril, then you can have a fee award that goes from that point forward. And that has happened in numerous decisions when a party goes ahead and refuses to lay down their sword and appeals when there's no chance of success, which was exactly the case here. The Brown v. Palmetto case that we have in our proceedings from the 11th Circuit, and obviously a lot of this is federal jurisprudence because we're talking about a federal statute, but the 11th Circuit actually held that where the plaintiffs went forward on an appeal, when it was clear that their case was frivolous, it was an abuse of discretion for the trial court not to grant fees related to that appeal. So it clearly happens. It clearly was appropriate here. There is no reverse preemption, and I think that is the only way to look at it, of Rule 375, either by its expressed terms or impliedly, of what the federal statute allows. I do want to point out one case that Mr. Stalin cited in his reply that we hadn't seen before, and I just wanted to make clear that we disagree with it. They cite in the reply the matter of Alexander v. Illinois Human Rights Commission at 166, they'll have 3rd, 515, a 1988 case from the 1st District, for the proposition that somehow the 1st District court in Illinois has refused to spearhead a movement of allowing trial courts to assess fees related to appeals. It's a very short case. If the Court sees it, I just wanted to bring up the fact that is not a Section 1988 case. That case arose under the Illinois Human Rights Act, and the plaintiff tried to analogize in order to get fees related to the appeal. Under the Human Rights Act, they tried to say, well, Court, fees are allowed. The trial court can enter fees under Section 1988 related to appeals, so you should do it here. And the Court in that case, the 1st District, said that may be true under jurisprudence under Section 1988, but we're not going to interpret the Illinois Human Rights Act in that way. It has its own provisions, and we're going to read those strictly. So that case really, if anything, flows our way. Are you arguing that this Supreme Court rule argument is forfeited in some way since it was raised in the motion to reconsider it? Absolutely. And what about, can you respond to the counsel's statement that you sought additional fees thereafter? The additional fees thereafter question, I don't think changes a thing. The way this broke down was at least as of October of 2007, we told Mr. Stalin absolutely, if you go forward on this appeal and you lose, we're going to add in to our request to Judge Wheaton things related to the appeal. That was on the table from at least that point. We went through actually oral argument on that motion after we had supplemented again with the close of the refusal by the Illinois Supreme Court to hear the case. We went in for oral argument in April of 2008. Mr. Stalin had briefed the issue fully, his counsel participated in oral argument fully, and there was never a whisper of this Rule 375 argument, nor of the suggestion, which is flatly wrong, that the court would not have jurisdiction to consider the fee issues as a collateral matter. Judge Wheaton actually took up the motion to reconsider on the merits. She said, I do think you should have raised this before, but on the merits, I guess I've reconsidered, and I was right the first time. The case is frivolous. This next issue of does what we did thereafter change things, I wouldn't see how, because the case law under Section 1988 says if you get a fee award, then you have to also be able to collect your fees for defending the fee award. Otherwise, the party who gets charged with the fees has every incentive to just fritter them away by continuing to fight over them. So the case law is uniform. We can collect fees that are necessary to protect the fee award in the first instance, and that's all we did. Before Judge Wheaton, we said they filed this motion to reconsider. There's a lot of things they should have raised before, but it cost us a lot of money to deal with, and we should be entitled to get that. Otherwise, it's a dollar-for-dollar restriction or reduction of your original award to us. And she agreed. She allowed us to supplement our fee petition for the monies that we had to expend in defending Mr. Sine's motion to reconsider, which was denied. I don't see how in any way that changes the calculus or opens a door that wasn't wide open before. Since 2007, this issue was on the table. They absolutely could and should, if they ever intended to, have raised these questions at that time. Thank you. All right, thank you, counsel. We vote. Thank you, Justice O'Malley. I guess in addition to answering the question, why didn't the arboretum receive its fees under Rule 375 before, another question is really lurking here that is at the heart of the matter as well, and that is, was the complaint frivolous, and was the appeal frivolous, and was the petition for leave to appeal to the Supreme Court frivolous? It's always nice to get to merits rather than rules, I think. That's right. And frivolity, no one ever contested Stalin's facts, so no one ever said that Stalin's facts were incorrect. No one ever said that he was lying in his complaint. The facts were never contested. And the legal sufficiency of a complaint is a question of law for the trial court and the reviewing court. And when Stalin filed his complaint and the arboretum filed their motion to dismiss, it raised that question of law. Are these facts enough? And the arboretum comes up with some creative arguments, some legal doctrines, and they prevailed. But we didn't – those legal doctrines had not been cited to Stalin before. The complaint – Those legal doctrines had not been what? Cited. They had not been cited to us. Until when? Until after we filed the complaint. And still then we had – I'm sorry, I did it again. I mean, when would you have expected them to cite these doctrines before you filed them? No, no, we wouldn't expect – What I'm saying is that Stalin prepared a complaint and he put it together and he did the appropriate research and he filed a complaint. The judge, the trial court judge, found the complaint not sufficient and, in fact, dismissed it on affirmative grounds as well. So just because the arboretum was able to come up with some legal doctrines and affirmative matter to get the complaint dismissed, it doesn't mean that the complaint was frivolous. Well, that's why the trial court gave you the benefit of the doubt. Maybe not you, but your predecessor attorney. The benefit of the doubt is it related to the filing of the complaint and everything leading up to the filing of the legal doctrines citing North Pennington and, you know, in statute to show why it wouldn't – this wouldn't fly. Right. Not statute, but constitutional law. Well, and here's where that analysis was wrong, and that's really the gist of our appeal here. Judge Whedon was entitled to think that Stalin should have acquiesced after she dismissed, like you said, Justice Breyer. But when Stalin appealed to this court last time, he raised the same legal issue that the motion to dismiss raised, and it was to be – and was reviewed by this court under the de novo standard of review. And so of all the appeals in the world, the easiest one to win, of course, is a de novo review. This court could have, under a de novo review, found exceptions to the doctrines, found that the particular facts of this case that were not contested warranted being allowed to go forward. And so to say that Stalin – when the arboretum says that Stalin had no chance of winning the appeal, they're just falling into 20-20 hindsight. It was a de novo appeal. Stalin had the best chance of winning that appeal than anybody else has any chance of winning any appeal under any lesser standard. And he had the right to appeal. The Constitution of the state of Illinois gives him the right to appeal to this court and to seek review by the Supreme Court, and he's allowed to exercise those rights. Isn't it clear that Noah Pennington applied to this? I mean, isn't it clear from the moment the 619 motion was filed that Noah Pennington applied to this communication and this one-eyed between Morton and the Forest Preserve District? You know, I would say no because there were allegations, not contested again, that the arboretum tried to buy this property before it went to the Forest Preserve to try and get it condemned. And so clearly the arboretum wanted this property. And while, sure, everyone has the right to petition the government or government entities for redress, the conduct of the Forest Preserve in concert with the arboretum was quite onerous on Stalin. And so it was not entirely clear, just because Judge Wheaton ruled that way, that at least in my view of the record I could have seen this court on the original case going the other way. Police officers went to his door. Clearly the Morton Arboretum wanted this property. It was, you know, in early 2000 when development of real estate was a profitable venture. As a factual matter, the actions of the Forest Preserve and the arboretum, it didn't preclude Stalin from bulldozing his land and building on his land and getting a permit. If I could just briefly finish my thought question. But it did certainly prevent him, as a factual matter, from selling his property to a developer and receiving the benefit of that. And so it's not entirely clear if that doctrine applied. All right. Well, thank you both for your arguments. The matter will be taken under advisement. Decisions will issue in due course, and there will be a short recess before we call the second case. Thank you.